IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

(1)    JOHN CLIFFORD LITTLEJOHN,

    Plaintiff,

vs.                                                       No. CV-17-424-RAW

(2)    TOWN OF POCOLA,
(3)    MICHAEL ROEDER, in his
       Individual Capacity,
(4)    JONATHAN HOOG, in his
       Individual Capacity,
(5)    EVAN BEEN, in his Individual
       Capacity,
(6)    JOHN CHANEY, in his Individual
       Capacity,
(7)    JOSHUA BUTLER, in his Individual
       Capacity,

    Defendants.

**JOINT STATUS REPORT**[1]

JURY DEMANDED:    __X__ Yes  _____ No

---

[1]Counsel for Defendants called counsel for Plaintiff by phone on February 12, 14, and 15 (twice), 2018 in an attempted to discuss the contents of the Joint Status Report but was unable to make contact or leave a message. Counsel for Defendants emailed counsel for Plaintiff on February 12, 14, and 15, 2018 in an attempted to discuss the contents of the Joint Status Report. In the February 14, 2018 email, counsel for Defendants attached Defendants port of the Joint Status Report. On February 16, 2018, counsel for Defendants called counsel for Plaintiff and was able to leave a message regarding the need for counsel for Plaintiff to call and discuss the contents of the Joint Status Report. On February 16, 2018, in the afternoon, counsel for Plaintiff called counsel for Defendant and advised he would review the document sent by counsel for Defendant via email and provide a draft of the Joint Status Report before 5 pm. At the filing of this document, counsel for Defendant has not received anything from counsel for Plaintiff. Counsel for Defendant files this document as a "Joint Status Report" but advises the Court it is not a Joint Status Report because counsel for Plaintiff has failed to participate.

1

I.      Summary of Claims:

II.     Summary of Defenses:

The Defendants generally deny the factual and legal allegations in the Plaintiff's Complaint. Plaintiff's damages, if any, are the result of causes not related to the incident in question.

Defendants Roeder, Hoog, Been, Chaney and Butler are exempt from liability under the doctrine of qualified immunity.  Additionally, Defendants Roeder, Hoog, Been, Chaney and Butler have not been served and have filed a Motion to Dismiss on those grounds.

Defendant Town of Pocola can not be held jointly liable and cannot be liable for any claims resulting from the execution of a lawful order of a court.  Similarly, Defendant Town of Pocola may not be liable for any claims from the method of providing police protection.

Defendant Town of Pocola cannot be held liable for any constitutional violation resulting from the acts of its agents, servants, or employees under the doctrine of respondeat superior and/or vicarious liability.

Defendant Town of Pocola  has not executed, nor implemented, any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by the governmental entity, or found in a pattern of persistent practices known to and approved by the municipality that would be considered unconstitutional.

Finally, Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of the Defendants Town of Pocola and/or Defendants Roeder, Hoog, Been, Chaney and Butler.

III.    Motions Pending:  *Please include Docket Number, Title of Pleading, and date filed.*

| Docket #9 | Motion to Dismiss Defendants Roeder, Hoog, Been, Chaney and Butler | February 1, 2018 |
| Docket #10 | Brief in Support of Defendants Roeder, Hoog, Been, Chaney and Butler Motion To Dismiss | February 1, 2018 |

IV.     Stipulations:

1.      Town of Pocola is a political subdivision located in LeFlore County.
2.      Town of Pocola maintains a police department.
3.      The Town of Pocola police department is responsible for enforcing laws in Pocola.

2

        4.        Michael Roeder is a police officer for the Town of Pocola Police Department.
        5.        Jonathan Hoog is a police officer for the Town of Pocola Police Department.
        6.        Evan Been is a police officer for the Town of Pocola Police Department.
        7.        John Chaney is a police officer for the Town of Pocola Police Department.
        8.        Joshua Butler is a police officer for the Town of Pocola Police Department.

A.      Jurisdiction Admitted:        _____ Yes    _____ No  (If no, explain.)

B.      Venue Appropriate:        __X__ Yes    _____ No  (If no, explain.)

C.      Facts:

        1.        Town of Pocola is a political subdivision located in LeFlore County.
        2.        Town of Pocola maintains a police department.
        3.        The Town of Pocola police department is responsible for enforcing laws in Pocola.
        4.        Michael Roeder is a police officer for the Town of Pocola Police Department.
        5.        Jonathan Hoog is a police officer for the Town of Pocola Police Department.
        6.        Evan Been is a police officer for the Town of Pocola Police Department.
        7.        John Chaney is a police officer for the Town of Pocola Police Department.
        8.        Joshua Butler is a police officer for the Town of Pocola Police Department.

D.      Law:

        1.        OKLA. STAT. ANN. tit. 43A §5-207 (West Supp. 2017) is the applicable law for the Emergency Detention of individuals in the State of Oklahoma.

V.      Proposed Deadlines:

      A.      Do counsel anticipate adding additional parties or amendment of pleadings?

            Defendants do not.

      B.      Date for counsel to submit an agreed protective order, if needed:

            Defendants do not currently believe that a protective order will be needed.

      C.      Proposed discovery cutoff date:

      Defendants have listed eleven (11) witnesses in their Rule 26 disclosures.  Eight (8) of those eleven (11) witnesses are employed with the Pocola Police Department.  It is unknown how many medical providers assessed the Plaintiff before he was detained at the Veterans Adminstration (VA) Hospital in Muskogee.  It is also unknown how many medical

professionals treated him at the VA Hospital.  Amanda Littlejohn will likely need to be deposed.

As of the filing of this document, Plaintiff has not filed his Rule 26 disclosures; however, it is anticipated that he is the only witness for his case.

The parties should be able to get eleven plus (11+) depositions concluded in one hundred and eighty (180) days.  Defendants propose August 15, 2018 as a deadline to complete discovery.

D.    Expert Disclosure deadlines for Plaintiff(s), Defendant(s), and Rebuttals:  *(If counsel desire deadlines other than those imposed by the Federal Rules of Civil Procedure.)*

Defendants have not hired an expert.

E.    Case ready for trial (month/year):  (*typically six months from the current date.*)

Defendants believe the case should be ready for trial in November 2018.

F.    Anticipated number of trial days (excluding jury selection):

1-2 days

VI.    Fed. R. Civ. P. 26 Discovery Plan

A.    Have initial disclosures under Rule 26(a)(1) been exchanged and filed?  If not, please explain why.

*Note:  Plaintiff shall submit a calculation of every category of damages requested.*

Note that pursuant to Rule 26 and this Order, all parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the court of any nondisclosure so that the issue can be promptly resolved.  Failure of any party to disclose information, or failure of any party to bring disclosure issues to the court=s attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

Defendant filed their Rule 26 disclosures.  Plaintiff has not.

B.    If applicable, have disclosures pursuant to Fed. R. Civ. P. 7.1 been filed?  If not, please explain why.

N/A

C.     Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

No.

D.     Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the court's local rules?

No.

E.     Proposed Number of fact and expert depositions

1.     To be allowed for Plaintiff?          Unknown
2.     To be allowed for Defendant?       None.

F.     Is there a need for any other special discovery management orders by the court?

No.

VII.    Are Dispositive Motions Anticipated?  If so, describe them.

1.     The individual Defendants will file a motion for summary judgment and argue that they are entitled to qualified immunity.
2.     Defendant Pocola will file a motion for summary judgment and argue that it did not violate the Plaintiff's civil right.

VIII.   Settlement Plan          (Check one)

A.     _____          Settlement Conference Requested after____discovery
deadline_____

Describe settlement judge expertise required, if any:_____

B.     _____          Private Mediation Scheduled:  *If counsel anticipate a private mediation, they shall promptly file a Notice with the court as to the date of the scheduled mediation and the name of the mediator. Counsel shall also file a Notice within three business days of the results of the mediation.*

C.     _____          Other ADR (Explain)_____

D.     _____          ADR is not appropriate in this case (Explain) _____

IX.     Does this case warrant special case management?  If yes, explain why.

5

No.

X.      Do the parties request that the Court hold a scheduling conference?

Yes __X__      No _____

**If a conference is to be held, it will be set by subsequent Minute Order.**


Read and Approved by:


_____          ___s/*Sean M. McKelvey*_____
Steven Minks                              Sean M. McKelvey, OBA #17098
Attorney for Plaintiff                    Attorney for Defendant